I respectfully dissent from the conclusion of the majority that Valerie Crosier was an insured under the liability provision of the Westfield Policy issued to her grandfather, Audrine Crosier, and from the conclusion of the majority that Valerie Crosier was an insured under the personal umbrella liability policy issued to Audrine Crosier. I agree with the majority that the "some duration and with some regularity" test is an appropriate test by which to analyze the case sub judice. But in applying that test to the facts before us, I reach the conclusions that Valerie Crosier was not a resident of her grandfather's household and that Valerie was not living in her grandfather's household. There is no doubt that Valerie had been living with her grandparents for about four years and that they had legal custody of her on the date of the accident. However, from the facts presented, it was clear that Valerie had taken up permanent residence with her father. There was no indication that Valerie had developed a pattern of going back and forth between her father's and her grandfather's house nor any indication that she was going to engage in such a pattern. Valerie's father had left Ohio to attend chiropractic school in Missouri. As soon as he returned to Ohio and obtained a home large enough for his family, Valerie moved in with him. On September 15, 1995, Valerie moved in with her father. She continued to visit her grandparents about once a week for about an hour. In addition, Valerie stayed overnight at her grandparent's home once or twice a week until about mid-October, 1995, when Valerie got a bed at her father's house. I concur with the remaining portions of the decision of the majority.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is affirmed in part and the cause is remanded to that court for further proceedings in accord and consistent with this opinion. Costs to defendant, Westfield and Cincinnati Insurance.